Erdie Bangs v. The State.

No. 7355.   Decided January 24, 1923.

**Aggravated Assault—Deadly Weapon—Insufficiency of the Evidence.**
Where, upon appeal from a conviction of aggravated assault, the record is entirely silent as to the description of the weapon or as to its probable effect when used as a bludgeon and the character of the wounds inflicted do not appear to have been of a serious character, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Delta.   Tried below before the Honorable Joel H. Berry.

Appeal from a conviction of aggravated assault with a deadly weapon; penalty, a fine of $25.

The opinion states the case.

*Pattison, Wells & Pattison,* for appellant.—Cited: Kinchen v. State, 188 S. W. Rep., 1004.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was prosecuted by information for an aggravated assault upon Wilford McClain with a piece of iron alleged to have been a deadly weapon.   The court submitted for the consideration of the jury the law both of aggravated and simple assault in a manner which was entirely satisfactory to appellant, as no exception was taken to the charge in any particular.   The jury returned a verdict for aggravated assault, and assessed the punishment at a fine of $25.

It was urged in the motion for new trial that the evidence is insufficient to support the verdict in that it fails to show that the instrument used in the commission of the assault was a deadly weapon.   When we go to the character of the instrument to ascertain therefrom whether the same is a deadly weapon, the general rule stated by Mr. Branch is as follows:

"When an instrument or weapon is used to strike with, the size, weight, and effect should be shown in order that there may be some evidence from which to determine whether or not, as used, it was a deadly weapon."   (Section 1587, page 934, Branch's Ann. Penal Code and authorities collated under said section.)

Looking to the statement of facts the only evidence we find relative to the piece of iron with which the assault is alleged to have been committed is that one witness says:

"Bangs got hold of a piece of iron that was on the ground and struck McClain several times on the head and one lick across the side of the face inflicting a wound from which he bled profusely. The piece of iron was a cultivator foot."

McClain testified:

"Bangs hit me with a piece of iron about this long (measuring on his arm); he hit me in the back of the head and in the face. I bled profusely. This place in my forehead is where I was wounded with the iron. I was awful bloody from the wound."

It will be noted the injured party made some measurement as to the length of the instrument with which he was struck which may have given the jury some idea of its length, but nothing is contained in the record which will aid us in estimating the character of the weapon. This court cannot take judicial knowledge that a "cultivator foot" is *per se* a deadly weapon. The record is silent as to evidence from any source that the instrument was one with which death or serious bodily injury might have been inflicted; the weight thereof is not shown; the size or length thereof does not appear in the record. (For collated authorities, see p. 934, Branch's Ann. P. C.) Another method by which the character of the weapon may be ascertained is a consideration of the wounds inflicted. That rule is stated by Mr. Branch as follows:

"The wounds inflicted upon the person assaulted will be looked to in determining whether or not the pistol, knife or other weapon used was a deadly weapon, and proof that the wounds thereby inflicted were of a serious nature, and of the size and weight of the weapon, or either, and of the manner of its use may be sufficient to show that the weapon as used was a deadly weapon."

(See authorities cited under this portion of Section 1587, Branch's Ann. Penal Code.) The evidence as to the nature of the wounds inflicted leaves the same uncertainty as that incident to the description of the weapon. The witnesses stated that the injured party bled profusely. McClain indicated to the jury that the place on his forehead was where the wound was inflicted. He says he bled considerably from the wound, but that after he was hit he continued to fight until appellant himself gave up the fight and said he had "enough." It appears also from the statement of facts that after the fight McClain got on a horse with another party and rode away and went to the home of his stepfather, one Sam Smith, who testified that McClain came home "with a small gash in his forehead or side of his head which bled rather freely." Further than we have stated the record is silent as to the effect of the blows from the "cultivator foot." It does not appear that the injured party was disabled at the time from

receiving the blows, or suffered any serious inconvenience therefrom. The fact that the blows resulted in considerable flow of blood is a circumstance, but not sufficient in and of itself to authorize us or the jury in determining that the wounds were inflicted with a deadly weapon. The instrument exhibited before the jury may have been sufficient to satisfy them that it was a deadly weapon, but nothing is brought forward in the record which will enable this court to review the question. It is entirely silent as to description of the weapon, or as to its probable effect when used as a bludgeon, and the character of the wounds inflicted do not appear to have been of a serious character. We are therefore compelled to hold that appellant's contention is correct. The evidence, as we find it in the record, is not sufficient to support the verdict condemning appellant to suffer punishment for an aggravated assault.

It therefore follows that the judgment must be reversed and the cause remanded for new trial.

*Reversed and remanded.*