CHARLEY SAMPSON V. THE STATE.

No. 11488. Delivered April 4, 1928.

1.—Aggravated Assault — Evidence — Of Deadly Character of Weapon — Insufficient.

Where, on a trial for an aggravated assault, alleged to have been committed with a knife, there is no evidence in the record showing the size

and shape of the blade of the knife, nor the nature and extent of the injuries inflicted, there is no basis for determining whether or not the knife, in the manner of its use, was a deadly weapon.

**2.—Same—Continued.**

A knife is not per se a deadly weapon. It is incumbent on the state to show that the knife used by appellant was a deadly weapon. See Bangs v. State, 247 S. W. 511, and Burleson v. State, 164 S. W. 851. Also Branch's Ann. P. C., Sec. 1587.

Appeal from the County Court of Nacogdoches County. Tried below before the Hon. F. P. Marshall, Judge.

Appeal from a conviction for an aggravated assault, penalty a fine of $50.00.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Appellant was prosecuted by information for an aggravated assault upon Boon Justice, penalty a fine of $50.00, it being alleged in the complaint and information that the assault was made with a pocketknife "of more than ordinary size, with about a five-inch blade, the same being then and there a deadly weapon." It was further alleged that appellant "did then and there with said deadly weapon cut the said Boon Justice." The court submitted the law both of aggravated assault and simple assault. Timely exception was taken to the action of the court in submitting a charge on aggravated assault, it being contended that the evidence failed to raise the issue, in that it was not shown by the state that the knife used by appellant was a deadly weapon. The verdict of the jury found appellant guilty of an aggravated assault and assessed his punishment at a fine of $50.00. Appellant urged in his motion for a new trial that the evidence was insufficient to support the verdict in that it failed to show that the instrument used in the commission of the assault was a deadly weapon.

The prosecuting witness testified in substance that appellant was sitting on his porch when he approached him (appellant) and asked him why he said he was going to work for him if he didn't intend to; that appellant replied that he didn't tell him, the witness, that he was going to work for him; that he, the witness, called appellant a damn liar; that appellant jumped off of the porch to the ground, got his knife from his pocket and

cut him on the arm; that the witness ran about twenty-five feet and secured an iron bar, appellant following him; that appellant then ran into the house; that he, the witness, had the doctor to dress his wound.

We find no evidence in the record showing the size and shape of the blade of the knife, nor do we find any evidence as to the nature and extent of the injuries inflicted. The record being silent as to the description of the weapon and as to the character of the wounds inflicted, there is no basis for determining whether or not the knife, in the manner of its use, was a deadly weapon.

A knife is not per se a deadly weapon. It was incumbent upon the state in support of the allegations contained in the complaint to show that the knife used by appellant was a deadly weapon. There was an utter failure to discharge such burden. It would follow that the evidence is not sufficient to support the conviction. See Bangs v. State, 247 S. W. 511; Burleson v. State, 164 S. W. 851; Branch's Ann. P. C. of Texas, Sec. 1587.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.